UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL L. RITTNER, Sr. | ) | Case No. 3:07CV0194 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE KATHLEEN O'MALLEY |
| | ) | (Magistrate Judge McHargh) |
| JESSE WILLIAMS, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

    The petitioner, Daniel L. Rittner, Sr. ("Rittner"), has filed pro se a petition for

a writ of habeas corpus arising out of his January 1993 conviction on two counts of

rape in the Fulton County, Ohio, Court of Common Pleas.  (Doc. 1.)  The petition is

based on nineteen grounds:

>    1.  Petitioner was diagnosed schizophrenia, psychosis and other
> major and severe mental illnesses prior to arrest for alleged offense.
> Petitioner was not competent to stand trial, violation of U.S.C.A.
> Const. Amendments 6 and 14.
> Petitioner was addicted to narcotic psychotrophic drug at time of
> trial, conviction and sentencing.
>
>    2.  Petitioner was under the jurisdiction of the Fulton County
> Probate Court pursuant to Ohio Revised Code § 5122.11 under R.C. §
> 5122.01 and under orders of the Probate Court dated March 18, 1992.
> Petitioner was not released from the jurisdiction of the Fulton County

Probate Court pursuant to the Court's orders, "awaiting further orders."  Petitioner was subject to probate jurisdiction and unrelated to the actions before the trial court.

3.  Petitioner was diagnosed with "clinical history of memory loss" in July 1992 and did not regain his memory until 2002. Unable to defend himself petitioner was denied due process rights under the U.S.C.A. Const. Amendments 5, 6, 7.

4.  Ineffective assistance of trial counsel, Gregory Van Gunten where counsel failed to investigate any aspect of the alleged offense. Petitioner was diagnosed with seven mental illnesses as early as 1988. Petitioner was under the jurisdiction of the Fulton County Probate Court in March 1992 and under psychiatric care with at the least ten (10) hospitalizations for severe mental illness.
The alleged victim has claimed, at the least, four (4) prior rapes.
The alleged victim waited for over one (1) year after her rape complaint in State v. Kruizenga, 92 CR 026 in the Fulton County Common Pleas Court, to make any complaint against Petitioner for the year of 1989. Complaint filed against Petitioner in November 1992. Alleged victim was hospitalized and in counseling in March 1992 and still failed to report any such sexual assault in 1989 as so alleged. Petitioner has suffered agoraphobia and had not left a single room of his home for over three years. Petitioner was receiving Social Security Disability Benefits for severe mental illness.
Petitioner's wife and the alleged victim's mother conspired to misuse Petitioner's disability benefits in the amount to exceed over $1500.  Petitioner's (now ex-wife) wife and the alleged victim's mother held Petitioner against his will and denied all outside contact to the Petitioner.  Petitioner now suffers permanent eye injury from the physical assaults from his ex-wife. Alleged victim's mother was physically abusive and often threatened the Petitioner.
Petitioner had never been a violent person and never abused his wife or children.
Petitioner's mother and family were never contacted by counsel.
Counsel never called any witnesses or made pre-trial motions, failed to await a pre sentence investigation.
Counsel failed to call for a psychological evaluation and Petitioner was unable to relate his proper age at trial by the court.
Counsel failed to inform the Petitioner that he was entitled to an appellate review of his conviction.
Counsel failed to investigate the fact that Petitioner did not know the

2

alleged victim at the time of the alleged attack as shown in indictment of "summer months of 1989."

Counsel failed to investigate the "blackouts" suffered by the Petitioner.

Counsel failed to recognize the severe mental illness of the Petitioner which, subsequently, precluded the Petitioner from undergoing a psychological evaluation pursuant to Ohio Revised Code § 2947.37 at the time of original trial.

Counsel for Petitioner refused or failed to investigate the facts of the cases upon Petitioner regaining his memory and counsel thereafter failed to inform the Petitioner that a delayed appeal could have been filed with the Ohio Court of Appeals.

The above violations of the above denied Petitioner his due process rights under the U.S.C.A. Const. Amend. 6.

5.  The conviction of the Petitioner was the result of an unlawfully induced guilty plea and was not made voluntarily, willing, or knowingly to the severely mentally ill Petitioner. U.S.C.A. Amend. 6.

6.  The conviction was obtained by the prosecution's failure to disclose that the Petitioner was under the jurisdiction of the Fulton County Probate Court, that the Petitioner was severely mentally ill and that the alleged victim had previously made four (4) complaints of rape.

Prosecution failed to inform the court or defense that the alleged victim waited three (3) years to make any complaint and waited one (1) year from her latest complaint in State v. Kruizenga, Fulton County Common Pleas Court Case No. 92 CR 026 and was in psychological counseling and hospitalized under the Kruizenga case and did not make any complaint naming the Petitioner. U.S.C.A. Amends. 5, 6, 7.

7.  Officer of the court [Fulton County Sheriff] failed to notify the court that Petitioner was under hospitalization, severely mentally ill and under the influence of narcotic prescribed psychotropic drug and other psychotropic drugs. U.S.C.A. Amend. 6.

8.  Officer of the court [attorney Allen Lehenbauer] that represented Petitioner's wife before the probate court or assisted in the commitment by the probate court of the Petitioner pursuant to Ohio Revised Code § 5122.11 was present in the courtroom at the time of sentencing and failed to inform, as an officer of the court, that Petitioner was severely mentally ill and could not defend himself and

3

under the influence of narcotic psychotropic drug and under the jurisdiction of the probate court. U.S.C.A. Amend. 6.

9.  Petitioner was denied the right to a direct or delayed appeal through trial counsel's failed to give reasonable representation to the Petitioner. Counsel simply refused any further instructions to the Petitioner and failed to discuss the case further upon Plaintiff's regaining of his mental capacity and memory. U.S.C.A. Amend. 6.

10.  Petitioner's pre-sentence investigation report and or criminal history record show Petitioner falsely convicted of a felony. The Petitioner was sentenced with the consideration of the trial court reviewing the falsely reported criminal history. U.S.C.A. Amend 5, 6, 7, 14.

11.  In Petitioner's cause on remand to the Fulton County Common Pleas Court, State v. Rittner, F-02-034, 6th Dist. 2003-Ohio-5201, appointed counsel Diana L. Bittner withdrew all Petitioner's Pro se discovery and witness motions during the evidentiary hearings. U.S.C.A. Const. Amends. 1, 5, 6, 7, 14. Counsel on remand forgot Petitioner was held in county jail awaiting evidentiary hearings and the process took 367 days. The Petitioner was suffering from the adverse effects of cruel and unusual punishment under the Eighth Amend. which included a starvation diet denied access to the courts in order to attack the falsely reported criminal history record, attack the conditions of the county jail under 42 U.S.C. § 1983.

12.  Petitioner obtained the assistance of a private investigator who found that the trial court judge, James Barber, Fulton County Common Pleas had discussed evidence regarding the evidentiary hearings proceeding in his court with the county jail director, Jim Dennis, See Rittner v. Barber, United States District Court, 3:05-CV-7118, Rittner v. Dennis, Williams County Common Pleas Court, 06 CI 189 both cases attacking the release of Petitioner's evidence in the hearings before the trial court on remand, F-02-034, 6th Dist. 2003-Ohio-5201., U.S.C.A. Const. Amend. 5, 6, 7, and 14.

13.  The sufficiency of the weight of the evidence dictated that the trial court should have granted a new trial on grounds of newly discovered evidence. Trial Judge James Barber was prejudiced against Petitioner after Petitioner named Judge Barber in federal action under 42 U.S.C. § 1983 as a defendant in cause against county

jail as a business partner in the county jail venture. The trial judge
thereafter withheld exculpable evidence of the prior rape complaints
made by the alleged victim. This alleged victim was also before the
same court [Judge James Barber] under went a psychological
evaluation pursuant to O.R.C. § 2945.37 in a conviction in case titled
State v. Melissa N. McGuire, 99 CR 066.
In the above psychological evaluation the alleged victim either
cannot or does not identify Petitioner as the alleged offender in the
four (4) prior rape complaints has made. U.S.C.A. Const. Amends. 5, 6,
7, 14.

14.  In the trial court in cause on remand, State v. Rittner,
6th Dist., F-02-034 the appellate review of trial court's denial to send
the complete record to the court of appeals in an App. R. 9(E) motion
by the Petitioner prejudiced the case on remand. In this instance the
trial judge placed into evidence the letters written by the Petitioner in
objection to the "ineffective assistance of counsel" Diana L. Bittner.
Trial court denied Petitioner his due process rights and equal
protection under the U.S.C.A. Const. Amends. 6, 14.

15.  The denial by the Ohio Sixth District Court of Appeals of
Petitioner's appeal of denied new trial by the trial court was prejudiced
when no evidentiary hearings was remanded considering the
ineffective assistance of counsel in cause on remand, State v. Rittner,
F-02-034, appeal herein, Sixth Dist. F-06-003. U.S.C.A. Const. Amend.
5, 6, 7, 14.

16.  In Petitioner's Sixth and Seventh Petition the Sixth
District Court of Appeals for Ohio failed to find the Petitioner merited
a new trial without review of the full record where Petitioner was
delayed in his appeal due to over ten (10) years of severe mental
illness. U.S.C.A. Const. Amend. 6.

17.  In the Petitioner's Eighth Petition to the Williams
County Common Pleas Court failed to hold an evidentiary hearing to
determine whether Petitioner was under the jurisdiction of the trial
court or under the jurisdiction of the Fulton County Probate Court.

18.  In the Petitioner's Ninth Petition the Allen County
Common Pleas Court failed to hold an evidentiary hearing to
determine whether Petitioner was under the jurisdiction of the trial
court or under the jurisdiction of the Fulton County Probate Court.
U.S.C.A. Const. Amends. 6, 14.

19.  In the Petitioner's Tenth Petition the Ohio Supreme
Court failed to hold an evidentiary hearing to determine whether the
Petitioner was under the jurisdiction of the trial court or under the
jurisdiction of the Fulton County Probate Court. U.S.C.A. Const.
Amends. 6, 14.

(Doc. 1, at [14]-[21].)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural

background:

On January 22, 1993, appellant entered a guilty plea to two counts of
rape, in violation of R.C. 2907.02(A)(1)(b), first degree felonies.
Appellant was sentenced to two concurrent terms of 6 to 25 years
incarceration, with 6 years of actual incarceration. Appellant did not
appeal his conviction and sentence.

On October 3, 2002, appellant filed a motion to withdraw his guilty
plea and a request for an evidentiary hearing pursuant to Crim.R.
32.1. In support of his motion, appellant asserted that he was mentally
incompetent at the time of his plea and, therefore, the plea was
involuntary. He further asserted that his trial counsel never raised the
issue of his competency during the trial court proceedings. In
opposition, the state argued that appellant's motion was, in substance,
a postconviction petition that was untimely filed because it was filed
after the expiration of the 180 day time period prescribed in R.C.
2953.21. The state further argued that because the motion was a
petition for postconviction relief, it was barred by the doctrine of res
judicata.

In its decision and judgment entry of November 20, 2002, the trial
court denied appellant's motion to withdraw his guilty plea, as well as
other various motions. The court summarily denied appellant's motion
to withdraw his guilty plea after accepting the state's arguments that
the motion was an untimely petition for postconviction relief and was
barred by the doctrine of res judicata. Appellant appealed that ruling
to this court. In our decision and judgment entry of September 30,

6

2003, we noted that the postconviction procedures set forth in R.C. 2953.21 and 2953.23 do not govern a post sentence motion to withdraw a guilty plea under Crim.R. 32.1. *State v. Rittner,* 6th Dist. No. F-02-034, 2003-Ohio-5201, P 15 (*"Rittner I"*). We therefore determined that the trial court erred in summarily ruling against appellant's motion without ruling on the merits, and remanded the case to the trial court for that court to rule on the merits of appellant's motion to withdraw his guilty plea. In *Rittner I,* however, appellant also raised numerous other issues which we reviewed and rejected. In particular, we found that the trial court had jurisdiction over appellant at the time of his conviction; that appellant's trial counsel was not ineffective for failing to discover appellant's severe mental illness and failing to investigate appellant's social and medical background where neither appellant nor his family revealed such information to his trial counsel; that the trial court did not err in failing to hold a competency hearing at the time of the initial trial; and that because a defendant is presumed competent to stand trial and because the record contains no evidence that appellant was incompetent, the trial court did not err in allowing appellant to waive his constitutional rights.

Subsequently, on remand, the lower court appointed counsel to represent appellant and ordered appellant to undergo a competency evaluation and determination. On January 30 and February 13, 2004, appellant underwent psychological testing and evaluation by Gregory Forgac, Ph.D., a clinical psychologist, to determine his competence to stand trial and to determine his mental state at the time of the offenses. Then, on December 27, 2004, the lower court held a hearing on the appellant's motions to withdraw his guilty plea and for a new trial. The reports of Dr. Forgac were admitted into evidence and appellant testified about his lengthy history of mental illness. Appellant stated that at the time that the offenses were allegedly committed by him, in 1989 and 1992, he was under the influence of a number of psychotropic medications which had been prescribed to treat his "schizophrenia, psychoses, etcetera." Appellant described his mental state at that time as being "spaced out," stated that he had no idea what time of day it was, believed that his sons were his brothers and that his wife was his mother, and stated that he suffered from seizures. After his incarceration, through treatment and therapy, he was withdrawn from the medication and began to understand his previously debilitated state of mind. Appellant therefore testified that his prior plea was not knowing and voluntary and asked that it be withdrawn.

7

Dr. Forgac's reports went into great detail regarding appellant's history of mental illness. Dr. Forgac then summarized his findings as follows:

> "Daniel Rittner, Sr., is a 53-year-old male who has a longstanding history of mental illness dating back to the early 1970s. At the time of these offenses it appears this man was suffering from a severe mental disease in the form of a Bipolar Disorder, Major Depression, Schizoaffective Disorder, Schizoid Personality Disorder, Paranoid Personality Disorder or a combination of these disorders. There are numerous psychiatric hospitalizations and ongoing psychiatric treatment to confirm the presence of a severe mental disease. Nonetheless, the nature of the offenses and the description by the alleged victims of the events which took place indicate purposeful behavior which Mr. Rittner made an effort to conceal, thereby indicating his knowledge of the wrongfulness of his acts. It also appears this man was able to refrain from committing the acts involved in count three but did not do so. It certainly appears that although this man's behavior at the time of these offenses was not totally a product of his mental illness or severe mental disease, that his mental illness did to some extent play a role in the commission of these acts. It certainly appears Mr. Rittner was in a state of diminished capacity at the time of these offenses. * * * Although Mr. Rittner did appear to be suffering from a severe mental disease at the time of these offenses, it appears his condition was variable and at the time of these offenses he was able to know the wrongfulness of his acts."

Upon consideration of appellant's testimony, Dr. Forgac's reports, the court's own in camera review of the records of the Department of Job and Family Services, and its own recollection of appellant's demeanor at his plea and sentencing proceedings, the lower court rejected appellant's contention that he was incompetent at the time of the plea and therefore denied appellant's motions to withdraw his guilty plea and for a new trial.

(Doc. 42, RX 44, at 3-6; <u>State v. Rittner</u>, No. F-05-003, 2005 WL 3338009, at *1-*3

(Ohio Ct. App. Dec. 9, 2005.))

Rittner's subsequent appeal arose out of the trial court's 2004 reconsideration

and denial of his motion to withdraw his guilty plea.  (Doc. 42, RX 44, at 6; <u>Rittner</u>,

2005 WL 3338009, at *3.  <u>See generally</u> doc. 42, RX 17; <u>State v. Rittner</u>, No. F-02-

034, 2003 WL 22234188 (Ohio Ct. App. Sept. 30, 2003) (finding trial court had erred

in summarily ruling on motion to withdraw plea).)

Rittner set forth nine assignments of error:

1.  Did withdraw of motion to dismiss due to prosecutorial misconduct prejudice the case?

2.  Did prosecutor perjure himself in claim of not withholding exculpable evidence?

3.  Counsel's failure to move for discovery prejudiced case.

4.  Sufficency [*sic*] of weight of the evidence does not support the expert's findings.

5.  The naming of the trial judge in the 42 U.S.C. § 1983 civil action prejudiced the Appellant.

6.  Why did trial judge hear false evidence outside the proceedings and did said evidence prejudice the case?

7.  Trial counsel failed to call any witness to refute or prove the facts of prosecutorial misconduct, verasity [*sic*] of the victim's testimony, the competency of the Appellant, and to support the facts of Appellant's testimony.

8.  Trial court committed 'plain error' by allowing counsel to withdraw all evidentiary motions in evidentiary hearings.

9.  The question of whether Blakely v. Washington, Bruce and other related cases are applicable to the case sub judice.

(Doc. 42, RX 42.)

On Dec. 9, 2005, the Ohio Court of Appeals affirmed the judgment of the trial court.  (Doc. 42, RX 44; <u>State v. Rittner</u>, No. F-05-003, 2005 WL 3338009 (Ohio Ct. App. Dec. 9, 2005.))  The court subsequently denied Rittner's motion for reconsideration.  (Doc. 42, RX 45-46.)

Rittner filed an appeal with the Ohio Supreme Court on Jan. 12, 2006, asserting four  propositions of law:

1.  Reviewing and trial court intentionally withheld transcript from Appellant.

2.  Reviewing court's findings that Appellant, "did not request such an order [prison record]," defies the record.

3.  Trial court intentionally denied copy of transcript to Appellant, failed to comply with App. R. 9(E) and withheld exculpable evidence from defense.

4.  Counsel withdrew all evidentiary and discovery motions, motion to call witnesses and motion to dismiss due to prosecutorial misconduct.

(Doc. 42, RX 49.)  On Apr. 26, 2006, the Ohio Supreme Court denied Rittner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 42, RX 50; <u>State v. Rittner</u>, 109 Ohio St.3d 1424, 846 N.E.2d 534 (2006)).

In addition to the above mentioned proceedings, Rittner also filed four state petitions for writ of habeas corpus (doc. 42, RX 56, 64, 75, 83), a petition to vacate or set aside sentence (doc. 42, RX 53), and a number of other motions in the state courts, <u>see generally</u> doc. 42, at12-17, without success.

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

11

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Rittner has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## III.  STATUTE OF LIMITATIONS

The respondent argues that the petition is barred because it was filed after the statute of limitations had expired.  (Doc. 42, at 23.)

The AEDPA requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

12

The one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari.  Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

On January 22, 1993, Rittner entered a guilty plea to two counts of rape, in violation of R.C. 2907.02(A)(1)(b).  (Doc. 42, RX 4-5.)  He was sentenced to two concurrent terms of 6 to 25 years incarceration, with 6 years of actual incarceration. (Doc. 42, RX 7-9.)  Under Ohio law, Rittner had 30 days within which to file his direct appeal after the date of sentencing.  Ohio R.App. P. 4(A).  Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on Feb. 2, 1993.  (Doc. 42, RX 7.)

For a petitioner whose state court convictions became final prior to the April 24, 1996, effective date of the AEDPA,  courts have applied a one-year grace period, and hold that the statute of limitations expires one year from the effective date of the AEDPA, that is, on April 24, 1997.  Allen v. Yukins, 366 F.3d 396, 400 (6th Cir.), cert. denied, 543 U.S. 865 (2004); Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2001), cert. denied, 535 U.S. 1088 (2002).  Rittner's conviction became final in March 1993, thus he would have had until April 24, 1997, to file his petition for federal habeas corpus.  Rittner did not file his petition until Jan. 23, 2007.  (Doc. 1.)

13

Therefore, because the statute of limitations expired in April 1997, Rittner failed to file his habeas petition within the one year limitation period.


## IV.  RITTNER'S TRAVERSE

In his traverse[1], Rittner argues that he is entitled to equitable tolling under 28 U.S.C. §§ 2244(d)(1)(D) and (d)(2), "where the factual predicate of his claim was not discovered until July 2, 2002, due to extraordinary circumstances and the due diligence exercised by the Petitioner."  (Doc. 68, Reply, at 1.)

### A.  Section  2244(d)(2)

Rittner invokes two different sections of the habeas statute.  Section 2244(d)(2) tolls the limitations period while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Allen v. Siebert, 128 S.Ct. 2, 3 (Nov. 5, 2007) (per curiam) (quoting 28 U.S.C. §§ 2244(d)(2)).  This provision does not aid Rittner here.

Rittner did not file the motion to withdraw his guilty plea until Oct. 3, 2002, long after the one-year habeas statute of limitations had already run.  (Doc. 42, RX 10.)  Although filing such a motion may toll the running of a pending, unexpired one-year limitations period, it will not "revive" the statute, or cause it to begin

---

[1] Rittner has filed his traverse in installments (see, e.g., doc. 68, 74), because he claims that he has insufficient funds to file his traverse which "exceeds 400 pages," doc. 68, at 2, at one time.  The court is skeptical, given his litigation history, that all four hundred pages of his traverse would be relevant.  However, procedural default and equitable tolling is addressed in the first section of his traverse, doc. 68, at 1-28, which has been filed in full.

14

running anew.  DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001); Leon v. Bradshaw, No. 1:05CV875, 2006 WL 1624430, at *3-*4  (N.D. Ohio June 6, 2006).  Rittner did not file his habeas petition until Jan. 23, 2007.

Because the statute of limitations expired in April 1997, tolling under Section 2244(d)(2) is inapplicable, and Rittner failed to file his habeas petition within the one year limitation period.

### B.  Section  2244(d)(1)(D)

Section  2244(d)(1)(D) states that the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."   28 U.S.C. § 2244(d)(1)(D).

Though the AEDPA does not define "factual predicate," courts have found that Section 2244(d)(1)(D) provides a petitioner with a later start date than Section 2244(d)(1)(A) "only if vital facts could not have been known." McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007) (quoting Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004), cert. denied, 544 U.S. 1037 (2005)).  The issue is not when the petitioner actually learned of the facts; it is when he should have learned of the facts had he exercised reasonable diligence.  Townsend v. Lafler, No. 02-2151, 2004 WL 1098757, at *2 (6th Cir. May 14, 2004), cert. denied, 543 U.S. 1062 (2005).

Although Rittner raises numerous issues in his habeas petition, the core issue is that he is in state custody as a result of his guilty plea.  Rittner challenges the state court's denial of his October 2002 motion to withdraw his guilty plea.

15

(Doc. 42, RX 10.)  That motion was based on his contention that he had been
mentally incompetent at the time of his plea.  Id. at 1-2.  In the motion, Rittner
averred that he "did not know, understand or comprehend his mental incompetency
and mental irresponsibility" until a July 2, 2002, inmate psychological team
meeting at the Allen Correctional institution.  Id. at 4.

In his traverse as well, Rittner states that he "discovered that he had been
severely mentally ill on or about July 2, 2002."  (Doc. 68, Reply, at 17.)  More
specifically, Rittner claims:

> Petitioner first learned of the factual predicates of his case on or
> about September 2002, after receiving part of his personal medical
> records from family physicians . . .
>
> On July 2, 2002, in Allen Correctional Mental Health "treatment
> team" the Petitioner was first informed that he had been seriously
> mentally ill, had not been aware of his surroundings (i.e., did not know
> he was in prison).

(Doc. 68, Reply, at 13.)  Rittner argues that, due to his incompetency, he was
unaware and unable to pursue any of his claims prior to that point.

However, Rittner had filed a petition to vacate or set aside sentence in the
Fulton County Court of Common Pleas seven months earlier, on January 2, 2002.[2]
In that petition, he claimed that he was "incompetent before, during, and after court
proceedings."  (Doc. 42, RX 53, at 2.)  At the same time, he filed an affidavit of
indigency, which was signed by him on Nov. 5, 2001, and a motion for expert

---

[2] At that point, apparently, Rittner did know he was in prison, stating that he
had "been in continual incarceration for the past nine (9) years."  (Doc. 42, RX 53, at
[7].)

16

assistance (attorney), based on "competence," which was signed by him on Dec. 13, 2001.  (RX 53, at [5], [9]-[11].)  Clearly, Rittner was aware of the factual predicate of his claim in late 2001, although it could be argued that he should have been aware of it years before that.

Assuming that Rittner learned of the factual predicate on or about Dec. 13, 2001, when he cited "competence" as a reason for the appointment of counsel to pursue his petition to vacate or set aside sentence, the one-year limitations period under Section 2244(d)(1)(D) would begin at that point.  Rittner filed his motion to withdraw his plea on Oct. 3, 2002, which was 294 days later.  This filing would toll the running of the Section 2244(d)(1)(D) limitations period[3], as long as the claim was pending.  28 U.S.C. § 2244(d)(2).

This claim ran its course when the U.S. Supreme Court denied certiorari on April 26, 2006, thus the limitations period resumed.  Because 294 days had already run, Rittner had only 71 days remaining to file his habeas corpus petition.

Rittner did not file the petition in this court until Jan. 23, 2007, which was 272 days after the Supreme Court denied certiorari.  Under Section 2244(d)(1)(D) as well, his petition was not timely filed.

---

[3] The earlier petition to vacate or set aside sentence was denied as untimely (doc. 42, RX 55), thus it is not considered "properly filed," and cannot serve to toll the limitations period under Section 2244(d)(2).  See Allen, 128 S.Ct. at 4.

<u>C.  Equitable Tolling</u>

Finally, Rittner claims that equitable tolling should apply, because "mental illness is an extraordinary circumstance which prevented him from asserting his rights."  (Doc. 68, Reply, at 7.)

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  <u>Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.</u> 209 F.3d 552, 560-561 (6th Cir. 2000) (citing <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 151 (1984); <u>Johnson v. United States Postal Serv.</u>, 64 F.3d 233, 238 (6th Cir. 1995)).  The circumstances which will lead to equitable tolling are rare.  <u>King v. Bell</u>, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004) (citing <u>Dunlap v. United States</u>, 250 F.3d 1001, 1009 (6th Cir. ), <u>cert. denied</u>, 534 U.S. 1057 (2001)); <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir.), <u>cert. denied</u>, 531 U.S. 840 (2000) (rare and exceptional); <u>Brown v, McKee</u>, 232 F.Supp.2d 761, 768 (E.D. Mich. 2002) (equitable tolling based on mental incapacity limited to "exceptional circumstances").

To be entitled to equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way.  <u>Lawrence v. Florida</u>, 127 S.Ct. 1079, 1085 (Feb. 20, 2007).  <u>See also</u> <u>King</u>, 378 F.3d at 553 (quoting <u>Andrews v. Orr</u>, 851 F.2d 146, 151 (6th Cir. 1988)).

Although not dispositive, the state courts have made factual findings on the issue of Rittner's competency, which are entitled to deference.  28 U.S.C. §

18

2254(e)(1); Bowling v. Parker, 344 F.3d 487, 497 (6th Cir. 2003), cert. denied, 543

U.S. 842 (2004); Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998), cert.

denied, 527 U.S. 1040 (1999) (factual findings made by state courts presumed

correct, and rebutted only with clear and convincing evidence). As outlined earlier,

the state trial court held an evidentiary hearing on Rittner's competency (doc. 42,

RX 25), and the court rejected his contention that he was incompetent at the time of

the plea (doc. 42, RX 26, at 6). That finding was upheld on appeal. (Doc. 42, RX 44;

Rittner, 2005 WL 3338009.)

Federal courts have found that mental impairment is not cause to excuse a

procedural default. Johnson v. Wilson, No. 04-3830, 2006 WL 1749586 (6th Cir.

June 16, 2006), cert. denied, 127 S.Ct. 1273 (2007) (citing cases); Harris v. McAdory,

334 F.3d 665, 668-669 (7th Cir. 2003), cert. denied, 541 U.S. 992 (2004) (citing

cases). See also Anderson v. White, 32 F.3d 320 (8th Cir. 1994) (incompetence

claims procedurally defaulted).

Similarly, "mental incompetence is not a per se reason to toll the statute of

limitations for filing a federal habeas petition. Instead, the alleged mental

incompetence must somehow have affected the petitioner's ability to timely file a

habeas petition." Brown, 232 F.Supp.2d at 767 (citing Nara v. Frank, 264 F.3d 310,

320 (3d Cir. 2001)). A habeas petitioner must show more than the mere existence of

a mental problem to benefit from equitable tolling. Lawrence v. Florida, 421 F.3d

1221, 1226-1227 (11th Cir. 2005), aff'd by 127 S.Ct. 1079 (2007); Brown, 232

F.Supp.2d at 767-768 (citing Rhodes v. Senkowski, 82 F.Supp.2d 160, 173 (S.D. N.Y.

19

2000)).  Instead, the petitioner has the burden of showing that mental health problems rendered him unable to file the habeas petition during the limitations period.  <u>Lawrence</u>,  421 F.3d at 1228 (citing cases); <u>Victorial v. Burge</u>, 477 F.Supp.2d 652, 655 (S.D. N.Y. 2007); <u>Brown</u>, 232 F.Supp.2d at 768.

As discussed more fully above, during the limitations period, which began in December 2001, Rittner was able to file his motion to withdraw the guilty plea, and pursued that claim through the appellate process, including a remand to the trial court, an evidentiary hearing, and a subsequent, second appeal.  In addition, Rittner was able to file a petition to vacate or set aside sentence in the state trial court.  Moreover, Rittner was able to file a number of motions[4] in those ongoing state proceedings.  <u>See, e.g.</u>, doc. 42, RX 12 (listing motions).

The exceptional circumstances which would justify equitable tolling on the basis of mental incapacity are not present when the petitioner has been able to pursue his legal claims during the period of his purported mental incapacity.  <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034-1035 (9th Cir. 2005), <u>modified by</u> 447 F.3d 1165 (9th Cir. 2006), <u>cert. denied</u>, 127 S.Ct. 979 (2007); <u>Victorial</u>, 477 F.Supp.2d at

---

[4] Indeed, Rittner is an extraordinarily active litigant.  <u>See, e.g.</u>, <u>Rittner v. Thrower</u>, No. 2:06CV0471, 2007 WL 756704, at *5 (S.D. Ohio Mar. 8, 2007) (Rittner "has filed over 70 motions since the case's inception less than a year ago"); <u>Rittner v. Kinder</u>, No. 3:06 CV1943, 2006 WL 2794967, at *1 (N.D. Ohio Sept. 28, 2006) ("Rittner has on at least five occasions filed a civil action failing to state a claim in this court").  During the course of this habeas litigation, Rittner has filed over thirty motions with this court.

655; Frazier v. Stickman, 389 F.Supp.2d 623, 626 (E.D. Pa. 2005); Brown, 232 F.Supp.2d at 768.

Rittner's claim of mental incompetency does not demonstrate incapacitation as regards his ability to timely file a habeas petition during the relevant period and, as a result, falls short of establishing extraordinary circumstances.  See, e.g., Gaston,  417 F.3d at 1035; Victorial, 477 F.Supp.2d at 655; Frazier, 389 F.Supp.2d at 626; Brown, 232 F.Supp.2d at 768.  Rittner is not entitled to equitable tolling.

## V.  SUMMARY

The petition for a writ of habeas corpus should be DENIED as untimely, because Rittner failed to file his habeas petition within the one year limitation period.

Rittner has a number of motions pending before the court.  His motions to partially file a Reply to the Return of Writ (doc. 67, 68, 72, 74) should be GRANTED in part, and denied in part, as the court has considered the relevant arguments put forth in his responses.  All other pending motions should be DENIED as moot in light of this Report and Recommendation.

## RECOMMENDATION

It is recommended that the petition be denied.


Jan. 15, 2008                          /s/ Kenneth S. McHargh
                                      Kenneth S. McHargh
                                      United States Magistrate Judge