UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DANIEL L. RITTNER, SR.,** | : | **Case No. 3:07cv00194** |
| | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **Petitioner,** | : | |
| **v.** | : | |
| | : | **ORDER** |
| **JESSE WILLIAMS,** | : | |
| | : | |
| **Respondent.** | : | |

## I.     BACKGROUND.

On January 23, 2007, Daniel L. Rittner, Sr. ("Rittner" or "Petitioner") filed a *Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus* (Doc. 1).  Pursuant to Local Rule 72.2(b)(2), the matter was automatically referred to Magistrate Judge Kenneth S. McHargh.  On August 22, 2007, Jesse Williams, Warden of the Allen Correctional Institution in Lima, Ohio, (the "Respondent") filed his *Return of Writ* (Doc. 42).  On December 5, 2007, Magistrate Judge McHargh granted one of Petitioner's many motions for an extension of time, setting Rittner's deadline to reply to the Return of Writ for January 4, 2008.[1]  (See Doc. 64.)  On December 27, 2007 Rittner filed the first forty-seven pages (parts I and II) of his *Reply*.  (See Doc. 68.)  On January 2, 2008, Rittner filed pages forty-eight through fifty-three of his *Reply*.  (See Doc. 74)  On January 10, 2008, after the deadline to file his reply had passed, Rittner filed pages fifty-four through three hundred eighty-one.  (See

---

[1] In his Order granting an extension of time, Magistrate Judge McHargh noted that, though he argued that he lacked sufficient time to file a reply, Rittner filed thirteen motions after the return of writ.  Magistrate Judge McHargh, nevertheless, provided Rittner with an additional thirty days from the date of the Order to file a reply.

Doc. 77.)  On January 15, 2008, after considering the record through page fifty-three of Rittner's *Reply*, Magistrate Judge McHargh filed a *Report and Recommendation* (the "R&R") (Doc. 79).  The R&R recommends that Rittner's petition be denied as untimely.

On January 28, 2008, Rittner filed an *Objection to the Report and Recommendation* (Doc. 81; <u>see also</u> Doc. 83).  After a *de novo* examination of the complete record and the R&R, the Court agrees with the Magistrate Judge's conclusion that Rittner's petition is barred by the statute of limitations, that no form of tolling saves Rittner's petition and, thus, that Rittner's petition for habeas corpus must be denied.  Subject only to the Court's comments herein, therefore, the Court agrees with, and wholly **<u>ADOPTS</u>**, the reasoning and conclusions set forth in Magistrate Judge McHargh's R&R.

Accordingly, Rittner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 (Doc. 1) is **<u>DENIED</u>**, and this case is **<u>DISMISSED</u>**.

## II.    THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION.

The relevant factual background to Rittner's petition is set forth in detail in Magistrate Judge McHargh's R&R.  The Court adopts that factual recitation and incorporates it into this order.  Further expansion of the background supplied by Magistrate Judge McHargh is unnecessary to the Court's resolution of Rittner's petition.

The Magistrate Judge correctly determined that Rittner's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254, which provides the framework that federal courts apply when considering applications for a writ of habeas corpus.  Under the AEDPA, a writ of habeas corpus may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) "was contrary

2

to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Williams v. Taylor, 529 U.S. 362, 412-13 (2002).

The principle focus of the Magistrate Judge's R&R is the Respondent's argument that Rittner's petition is barred because it was filed after the statute of limitations for actions under the AEDPA had expired.  The AEDPA requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become final.  The one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari.  Clay v. United States, 537 U.S. 522, 528 n.3 (2003).

On January 22, 1993, Rittner entered a guilty plea to two counts of rape, in violation of R.C. 2907.02(A)(1)(b). (Doc. 42, RX 4-5.)  Rittner, however, did not file his federal habeas petition until January 23, 2007.  (Doc. 1.).  Thus, Magistrate Judge McHargh concluded that, despite the applicable grace period provided under the AEDPA, Rittner failed to file his habeas petition within the one-year limitation period.

In an effort to overcome the statute of limitations bar, Rittner argues that (1) the limitations period should have been tolled due to his belated discovery of his mental illness (the factual predicate of the claims he presented); and (2) that he is entitled to equitable tolling due to his mental incompetence.  Magistrate Judge McHargh, however, found that Rittner became aware of the factual predicate for his claims more than one year before the filing of the instant petition.  Magistrate Judge McHargh also found that Rittner's circumstances did not justify equitable tolling beyond that point

3

in time.  The Court agrees with Magistrate Judge McHargh's reasoning and conclusions with respect to both determinations.  The Court, therefore, agrees that Rittner's petition is time-barred.

### III.    THE PETITIONER'S OBJECTIONS.

Rittner's objections to Magistrate Judge McHargh's R&R are consolidated into five categories and discussed below.

In his first objection, Rittner contends that he was prejudiced by Magistrate Judge McHargh's failure to consider his entire traverse (*i.e.*, all 381 pages thereof).  As an initial matter, despite requesting and receiving an extension of time, the Court finds that Rittner's final installment of his traverse was untimely.  As Magistrate Judge McHargh noted, moreover, Rittner fully briefed the relevant issues of procedural default and equitable tolling in the first twenty-eight pages of his traverse – all of which were filed in installments that were considered, in full, by the Magistrate Judge.  The final portion of the traverse focuses only on the underlying merits of Rittner's petition, with particular emphases on the findings of the state trial court and the alleged ineffective assistance of his trial counsel.  As such, the Court finds that Magistrate Judge McHargh's R&R is not undermined by the fact that he did not consider Rittner's final, untimely, installment of his traverse. The Court notes, moreover, that its own review of the remainder of the lengthy traverse reveals nothing that would overcome the statute of limitations bar to Rittner's petition.  Thus, the Court finds no merit to Rittner's initial objection.

In Rittner's second objection, he reargues the point made in the earliest portion of his traverse – that a proper application of 28 U.S.C. § 2244(d)(1)(D) compels the Court to find that his petition was filed in a timely fashion after his discovery of the predicate facts which support his claim, such that it is not barred by the statute of limitations.  Magistrate Judge McHargh addressed Rittner's

4

argument at length in the R&R, and, after its own *de novo* review, this Court agrees with Magistrate Judge McHargh's conclusion and analysis with respect to when the factual predicate underlying Rittner's claims could have been discovered through the exercise of due diligence.  (See R&R at 15-17.)  Particularly, like Magistrate Judge McHargh, this Court finds Rittner's first petition, to vacate or set aside his sentence – in the Fulton County Court of Common Pleas filed on January 2, 2002 – to be particularly noteworthy.  Though the petition was improperly filed and, thus, irrelevant for non-equitable tolling purposes, it has significant bearing on Rittner's alleged discovery of the predicate facts.  That petition, filed seven months before Rittner now claims he became aware of his mental illness, states that he was mentally disabled "before, during, and after his [plea] proceedings," and that his attorney was (or should have been) aware of his mental health problems.  In short, though the petition did not toll the statute of limitations (it was denied as untimely) it is clear, convincing evidence that Rittner discovered the vital facts he claims he could not have originally known (*i.e.* his alleged mental incapacity at the time of his plea and his attorney's failure to act on the issue) well before the July 2, 2002 date he now suggests as the earliest date upon which the statute of limitations for this action could have begun.  Bolton v. Berghuis, 164 Fed.Appx. 543, 549 (6th Cir. 2006) ("there is no right to an extended delay to gather every possible additional detail to support the habeas claim.").  Magistrate Judge McHargh's reasoning and conclusions expand upon this theme and are articulated in the adopted R&R below.  The Court finds that further elaboration beyond its brief comments above, and the R&R itself is unnecessary.  Kesterson v. Moritsugu, 149 F.3d 1183 (table), 1998 WL 312008, **4 (6th Cir. Jun. 3, 1998).  The Court finds Rittner's second objection to be without merit.

5

In Rittner's next objection, he contends that he is actually innocent because he was excluded from, "eye witness accounts by the alleged victim." This actual innocence claim, however, is not among the original nineteen grounds of his petition. Because Rittner first raised his actual innocence claim in his objections to the Magistrate Judge's R&R, the Court need not address the issue. Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate [judge] constitutes waiver."). In any event, even if the issue were properly raised, the Court finds that Rittner's single-sentence reference to his "actual innocence" does not warrant an evidentiary hearing, much less satisfy the actual innocence standard. See In re Byrd, 269 F.3d 544, 559 (6th Cir. 2001) ("[Petitioner's] request for an evidentiary hearing must also be rejected because he failed to diligently develop facts in support of his claim, and cannot show cause and prejudice."). The Court finds Rittner's third objection to be without merit.

In Rittner's next objection, he contends that there were extraordinary circumstances that justify equitably tolling the statute of limitations. Specifically, his mental incompetence, which he asserts inflicted him continually from his youth until July 2, 2002. Again, as with Rittner's first objection, the Court finds that Magistrate Judge McHargh extensively explored Rittner's contention that he is entitled to equitable tolling based on extraordinary circumstances, and, after its *de novo* review of the record, the Court agrees with Magistrate Judge McHargh's conclusion that Rittner is not entitled to equitable tolling. Though the Court does not believe that Magistrate Judge McHargh's analysis of the equitable tolling issue requires supplementation, to the extent Rittner's claim that the Magistrate Judge misapplied the relevant law on equitable tolling constitutes a separate objection – separate from his overall assertion that the equitable tolling conclusion is incorrect that is – the Court will briefly elaborate on that final objection.

In sum, Rittner's final objection argues that, because Magistrate Judge McHargh's analysis

did not specifically recount the five factors found in <u>Griffin v. Rogers</u>, 399 F.3d 626 (6th Cir. 2005),

when determining whether Rittner was entitled to equitable tolling,[2] the R&R is flawed.  The Court,

however, does not believe that the R&R is flawed simply because it does not expressly list the

<u>Griffin</u> factors.  Indeed, the "[five equitable tolling] factors are not comprehensive, nor is each of the

five factors relevant in every case.  Instead, courts must consider equitable tolling on a 'case-by-case

basis.'"  <u>Huey v. Smith</u>, 199 Fed. Appx. 498, 500 (6th Cir. 2006) (citations omitted).  Instead, the

Court finds that Magistrate Judge McHargh's R&R sufficiently analyzed the relevant considerations

in his equitable tolling analysis – with or without the Court's supplemental analysis, provided below.

In the interest of providing a more comprehensive explanation to a *pro se* litigant, however, the

Court will briefly expand on the equitable tolling issue with particular reference to the factors found

in <u>Griffin</u>.

In <u>Griffin</u>, the Sixth Circuit stated:

> In deciding whether equitable tolling should apply, courts in this Circuit consider the
> following factors:  (1) the petitioner's lack of notice of the filing requirement; (2) the
> petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in
> pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's
> reasonableness in remaining ignorant of the legal requirement for filing his claim.

<u>Id.</u> at 635 (citations omitted).  Rittner is correct that the R&R does not contain an express list of the

<u>Griffin</u> factors.  Nevertheless, the Court finds that, with the arguable exception of Rittner's actual

---

[2] Rittner also obliquely claims that, at some point, he discovered that he explained to
health officials that he was sentenced to forty months and that this "new evidence"
supports a finding that he was mentally incompetent at the time of his plea.  As discussed
throughout, however, even if the Court accepts Rittner's contention that he was mentally
incompetent at the time of his original plea, Rittner's federal habeas petition is still time-
barred.

7

or constructive notice of the filing requirement (the first two factors), the Magistrate Judge's analysis of the equitable tolling issue squarely addressed the key considerations of equitable tolling found within the <u>Griffin</u> factors.  Below, in an effort to clarify, the Court applies the Magistrate Judge's reasoning to the considerations of <u>Griffin</u>, and supplements the analysis where necessary.

"The first two factors (lack of notice and lack of constructive knowledge) involve similar considerations" and are addressed together.  <u>Turner v. Mills</u>, 219 Fed.Appx. 425, 428 (6th Cir. 2007).  In his objections, Rittner contends, for the first time, that he did not have actual or constructive notice of the filing deadline.  Rittner, however, offers no support for these contentions.  When, "a party sits on his rights, fails to take timely steps to complete the filing, and suggests that equitable tolling is justified solely because of ignorance of the law, equitable tolling is not appropriate. 'It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling.'" <u>Warren v. Lewis</u>, 365 F.3d 529, 532 (6th Cir. 2004) (quoting <u>Rose v. Dole</u>, 945 F.2d 1331, 1335 (6th Cir.1991)); <u>Horton v. Warden, Ross Correctional Institution</u>, No. 2:07-cv-525, Slip op., 2008 WL 687136, *2 (S.D.Ohio Mar. 11, 2008 ) ("Lack of actual notice, and ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.") (citations and internal quotations omitted).  This is especially true, moreover, where, as here, Rittner concedes that he was able to obtain assistance from other (presumably competent) prisoners who aided him in submitting court filings as early as 2001, including filings addressing the relevance of his own

8

alleged competence.  Rittner's bald claim that he did not have actual notice of the filing requirements, therefore, does not justify equitable tolling.[3]

Generally, parties who attempt to persuade courts that they lacked constructive knowledge do so by arguing that the law was confusing or unsettled with respect to a particular filing requirement or deadline at a critical time for their petition.  See, e.g., Griffin, 399 F.3d at 637 ("Griffin's ignorance of the filing deadline given the unstable and unsettled nature of AEDPA at the crucial time of mistake was reasonable and supports her argument for tolling."); see also Turner, 219 Fed.Appx. at 428; Huey, 199 Fed. Appx. at 501.  Rittner, however, has made no such argument, and, indeed, it does not appear that any controversy existed with respect to any of the filing requirements relevant to Rittner's petition.  Clear precedent serves to provide petitioners with constructive knowledge of filing requirements.  219 Fed.Appx. at 428; 199 Fed. Appx. at 501; McMurray v. Scutt, 136 Fed.Appx. 815, 817 (6th Cir. 2005); Horton, 2008 WL 687136, *2.  For these reasons, the Court finds that the actual and constructive notice factors do not weigh in favor of equitably tolling the limitations period for Rittner.

The third consideration under Griffin is whether Rittner diligently pursued his federal habeas rights, yet was unable to successfully file a petition within the allotted time.  Griffin, 399 F.3d at 635.  Magistrate Judge McHargh examined Rittner's pursuit of his federal rights at length.  For example, the R&R, contains a substantial discussion about Rittner's court filings, many of which were made during the period of time he claims should be equitably tolled due to his mental incapacity.  The

---

[3] As the Magistrate Judge noted, moreover, after a hearing with respect to his competence, the state court rejected Rittner's contention that he was not competent at the time of his plea, thus undercutting his contention that was drugged and addled continuously until July, 2002.

Magistrate Judge observed that Rittner was able to file at least five other federal civil actions and, literally, scores of motions during the time he seeks to toll, yet he failed to timely file his federal habeas petition.  There is nothing in the record or in a review of those filings which indicates, moreover, that they are either incoherent or reflect the type of severe mental incapacity that would have prevented Rittner from filing this one additional action.  The R&R concludes, "[t]he exceptional circumstances which would justify equitable tolling on the basis of mental capacity are not present when the petitioner has been able to pursue his [other] legal claims during the period of his purported mental incapacity."[4]  (R&R at 20 (citations omitted)).  Thus, it is clear to the Court that the Magistrate Judge found that Rittner failed to diligently pursue his federal habeas rights (Griffin factor three), instead choosing to pursue other federal actions.  The Court agrees with the Magistrate Judge's conclusion.  The Court also finds that, absent a compelling explanation not found here, a party who has the capacity to engage actively in a vast array of *other* legal matters in the courts during the time he seeks to equitably toll – but fails to make a timely habeas filing – cannot be said to be diligently pursuing his federal habeas rights.

The Magistrate Judge's analysis of Rittner's litigiousness also speaks to the final relevant Griffin factor: "the petitioner's reasonableness in remaining ignorant of the legal requirement for

---

[4] Presumably, Rittner could have filed a timely federal habeas petition and perhaps limited himself to fewer civil rights actions or to filing fewer than the over seventy motions he filed in support of those actions.  In short, Rittner's access to the courts was in no way impeded, just, perhaps, misdirected.

10

filing his claim."[5]  Griffin, 399 F.3d at 635.  Though the R&R couches the analysis in terms of whether Rittner's failure to meet his habeas deadline arose from circumstances beyond his control, the core consideration remains the same – whether Rittner acted reasonably in remaining ignorant of his federal habeas deadline.[6]  (R&R at 18 (citing Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560-61 (6th Cir. (2000).).  Rittner's engagement with the state court during his pursuit of post conviction relief, and his numerous federal court filings weigh against finding that he acted reasonably in remaining ignorant of the precise filing requirements for his federal habeas claim.  (See R&R at 20).  The Court believes that a petitioner who has the ability to file several actions in state and federal court, and to pursue vigorously those actions, displays a familiarity with the court system that militates against finding that he was reasonable in ignoring the filing requirements of a habeas claim.  Thus, the final factor also weighs against equitably tolling the filing deadline for Rittner.

IV.    CONCLUSION.

        For the foregoing reasons, Rittner's *Petition for Habeas Corpus* is **DENIED**.  (Doc. 60) is

**DENIED**.  Rittner's *Motion for Leave to Partially File Reply to Respondent's Return of Writ* (Doc.

67), [Second] *Motion for Leave to Partially File Reply to Respondent's Return of Writ* (Doc. 68),

---

[5] "[A]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine."  Andrews v. Orr, 851 F.2d 146, 151 (6th Cir.1988).  In any event, "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified."  Vroman v. Brigano, 346 F.3d 598, 605 (6th Cir. 2003) (citations omitted).  The Magistrate Judge did not identify a factor that might justify equitable tolling, nor, after its *de novo* review of the record, can the Court identify such a factor.  Accordingly, the Court need not reach factor four: the question of prejudice.

[6] Indeed, the passage from Graham-Humphreys, cited by the Magistrate Judge, recounts the five factors routinely referenced by the Sixth Circuit in equitable tolling contexts.

11

*Motion for Leave to File Reduced Copies of Petitioner's Reply to Respondent's Return of Writ* (Doc. 72), and [Third] *Motion for Leave to file Part of Petitioner's Reply to Return of Writ* (Doc. 74) are **GRANTED.** Rittner's *[First] Motion for Appointment of Counsel* (Doc. 5), *[Second] Motion for Appointment of Counsel* (Doc. 12), *Motion for Injunctive Relief* (Doc. 16), *Motion for Reconsideration* (Doc. 32), *Motion to Receive Audio Recording of Trial Court Proceedings* (Doc. 33), *combined Motion to Review Petitioner's Medical and Psychological Records and For Evidentiary Hearing* (Doc. 34), *[Second] Motion for Evidentiary Hearing* (Doc. 44), *Motion to Order Compliance with Rule Five* (Doc. 48), *Motion to Expand the Record* (Doc. 49), *Motion to Order Extension of Credit* (Doc. 51), [Second] *Motion to Allow Petitioner to Receive Audio Tapes, Motion to Strike Docket Sheets* (Doc. 55), *Motion to Compel Affidavits* (Doc. 60), *Motion for Order to Show Cause* (Doc. 61), *Motion to Order Respondent to Provide Petitioner with Copies of the Physicians' Desk Reference* (Doc. 63); *Motion to Order Copy of Petitioner's Reply to Respondent's Answer* (Doc. 69), *Motion to Order Copy of Petitioner's Reply to Respondent's Return of Writ* (Doc. 70), *[Third] Motion for Evidentiary Hearing* (Doc. 71), *Motion to Find Petitioner Timely Filed Habeas Reply* (Doc. 75), *Motion for Leave to Partially File Remainder of Petitioner's Reply* (Doc. 77), and *Motion for Return of Copy Attached Hereto With Request for Further Order* (Doc. 83) are **DENIED** as moot.

   **IT IS SO ORDERED**.

           s/Kathleen M. O'Malley
           **KATHLEEN McDONALD O'MALLEY**
           **UNITED STATES DISTRICT JUDGE**

**Dated: March 25, 2008**